IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DISTRICT

FILED BY _____ D.C.
05 OCT 14 PM 4: 07
THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

TIFFANY HEATHER MOSS, )
Individually and As Next of Friend )
of CLINTON MOSS, )
 )
 )
Plaintiff, )
 )
 )
v. ) No. 04-2741-DV
 )
SHELBY COUNTY; SHELBY COUNTY )
SCHOOL BOARD; BOBBY G. WEBB, in )
his official capacity as superintendent of Shelby )
County schools; PATRICIA L. PRESCOTT, )
in her official capacity as principal of Arlington )
Middle School; LAURA NICASTRO, in her )
personal and official capacity as a teacher at )
Arlington Middle School, )
 )
Defendants. )

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on the motion of Defendants Shelby County School Board, Bobby G. Webb ("Webb"), Patricia L. Prescott ("Prescott"), and Laura Nicastro ("Nicastro) (collectively "Defendants"), to dismiss the complaint of Plaintiff, Tiffany Heather Moss ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, to redress violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Finally, Plaintiff alleges that Defendants have violated numerous state and local statutes, including intentional infliction of emotional distress and

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

negligent infliction of emotional distress. The Court has jurisdiction pursuant to 28 U.S.C. §1331. For the reasons stated herein, the Court grants in part and denies in part Defendants' Motion to Dismiss.

**I. Factual Background**

In March, 2004, Clinton Moss ("Clinton") was a sixth grade student at Arlington Middle School. Am. Compl. ¶ 13. Clinton suffered from asthma, having suffered three asthma attacks during that school year prior to March 3, 2004. Id. at ¶¶ 16–17. Plaintiff had notified Defendants as to Clinton's medical condition. Id. at 15. On March 3, 2004, Clinton arrived at gym class without the proper gym attire. Id. at ¶¶ 21–22. In accordance with the middle school's policy regarding unpreparedness for gym class, the gym teacher, Nicastro, ordered Clinton to spend the duration of the gym class doing jumping jacks, doing sit-ups, and walking. Id. at ¶¶ 25–26. As a result of the exercise, Clinton suffered an asthma attack. Id. at ¶ 28. Plaintiff alleges that Nicastro initially refused to allow Clinton to go to the office. Id. at ¶ 30. Upon seeing Clinton's worsening condition, however, Nicastro allowed Clinton to go to the office, where someone immediately called the paramedics and Clinton's mother, the Plaintiff. Id. at ¶ 33–34.

Plaintiff brought an action against Defendants in the United States District Court for the Western District of Tennessee on September 17, 2004. In response, Defendants filed a Motion to Dismiss on February 25, 2005, alleging that the complaint fails to state a claim upon which relief may be granted. On April 1, 2005, Plaintiff filed her Amended Complaint. Defendants filed a Motion to Dismiss on April 21, 2005.

**II. Legal Standard**

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer

Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326–27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see also Nietzke, 490 U.S. at 326–27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436–37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039–40 (6th Cir. 1991).

However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405–06.

### III. Analysis

Defendants first argue that Plaintiff has failed to state a claim as to which relief may be granted pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Second, Defendants assert that Plaintiff has failed to state a claim pursuant to the ADA, 42 U.S.C. § 12132. Third, Defendants argue that Plaintiff does not have a cause of action against Webb, Prescott, and Nicastro in their official capacities. Fourth, Defendants contend that the Shelby County Board of Education is not liable for punitive damages. Fifth, Defendants aver that Plaintiff fails to state a claim for both intentional infliction of emotional distress and negligent infliction of emotional distress. Finally, Defendants argue that Plaintiff has failed to state a claim for injunctive relief. The Court will address these claims separately.

*A. 42 U.S.C. § 1983*

Defendants correctly point out that there is no heightened pleading requirement in actions brought pursuant to 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1983). As a result, Plaintiff must comply with the pleading requirements set forth in Rule 8 of the Federal Rule of Civil Procedure, which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The United States Supreme Court, in Conley v. Gibson, 355 U.S. 41 (1957), stated that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 48.

1.  Fourth Amendment

Plaintiff first seeks redress of violations of the Fourth Amendment to the United States Constitution. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV. Because the complaint fails to state grounds upon which the violation of the Fourth Amendment rests, Plaintiff has failed to abide by the pleading requirements set forth in Federal Rule of Civil Procedure 8. As a result, the Court finds that it is proper to GRANT Defendants' motion to dismiss Plaintiff's § 1983 claim based on the Fourth Amendment.

2.  Eighth Amendment

Plaintiff also seeks redress of violations pursuant to the Eighth Amendment to the United States Constitution. The Eight Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." U.S. Const. Amend. VIII. In their memorandum, Defendants correctly state that the Eighth Amendment's prohibition against cruel and unusual punishment "does not apply until the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions." The United States Supreme Court has held that the Eighth Amendment is inapplicable when a school imposes disciplinary corporal punishment on its students. Ingraham v. Wright, 430 U.S. 651, 664 (1977). The Supreme Court reasoned that, according to the Amendment's history and the Court's precedent, the Amendment was "designed to protect those convicted of crimes." Id. at 664. Because only those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment, the Court GRANTS Defendants' motion to dismiss as to Plaintiff's § 1983 claim based on the Eighth Amendment.

5

### 3. Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution states that:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Sixth Circuit, in Webb v. McCullough, 828 F.2d 1151 (6th Cir. 1987), stated that "[i]t is well established that persons have a fourteenth amendment liberty interest in freedom from bodily harm." Id. at 1158. The Webb court went on to state that "the substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking the conscience." Id.

Defendants cite Lillard v. Shelby County Board of Education, 76 F.3d 716 (6th Cir. 1996), to support their contention that their conduct did not rise to the requisite standard of shocking the conscience. In Lillard, the defendant was accused of slapping one student in the face and rubbing the stomach of another student. Id. at 719–20. The Lillard court reasoned that because the blow was "neither severe in force nor administered repeatedly[,]" it did not rise to the level necessary to constitute a violation of due process. Id.

Defendants analogize the case at bar to Lillard. This analogy is misplaced, however, because the harm that Clinton suffered was different from the harm suffered by the plaintiffs in Lillard. The Lillard plaintiffs did not suffer any enduring harm, while Clinton, as a result of Defendants' actions,

6

suffered an asthma attack, requiring medical attention. The Lillard court noted, in fact, that the "slap did not result in any physical injury to Lillard." Id. at 726. In the instant case, however, Clinton suffered an asthma attack that required him to be taken to a physician. Moreover, Nicastro's refusal to permit Clinton to seek help further satisfies Plaintiff's burden under Rule 8. Therefore, the Court DENIES Defendants' motion to dismiss the § 1983 claim based on the Fourteenth Amendment.

*B. Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132*

Plaintiff next asserts that Defendants have violated Clinton's rights under the ADA. The ADA states that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants contend that Plaintiff has failed to state a claim under the ADA because Plaintiff has not asserted that Clinton was excluded from participation, denied benefits, or discriminated against by reason of his disability. In making their argument, Defendants have failed to consider the purpose behind the ADA.

Congress enacted the ADA with the intention of incorporating disabled individuals into society and the workforce. 42 U.S.C. § 12101(b). One of the ADA's purposes, specified in 42 U.S.C. § 12101(a)(9), is to "assure equality of opportunity [and] full participation" of disabled individuals. 42 U.S.C. § 12101(a)(9). In order to achieve this goal, in certain situations it is necessary to modify standard procedures to ensure that disabled individuals are receiving the same benefits and opportunities as non-disabled individuals. With this purpose in mind, 28 C.F.R. § 35.130(b)(7) was enacted to state that "[a] public entity shall make reasonable modifications in

7

policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the services, program, or activity." 28 C.F.R. § 35.130(b)(7).

Title 42 of the United States Code section 12131 defines a public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. Thus, the Shelby County School Board is a public entity for purposes of the ADA. As a result, Defendants have the obligation of modifying standard procedures when doing so is necessary to prevent discrimination against disabled individuals.

Defendants are correct in stating that Clinton was not excluded from participation by Defendants. Plaintiff has, however, adequately alleged that Clinton was denied the benefits of the services, programs, or activities provided by Defendants. Defendant Shelby County School Board provides students with the benefit of education. By subjecting Clinton to the form of punishment that led to his asthma attack, Defendants prevented Clinton from participating in the remainder of his school day, thereby depriving Clinton of the benefit of public education. As a public entity, Defendants were responsible for making reasonable modifications in their policies when such modifications were necessary to avoid discrimination. Defendants, knowing that Clinton suffered from asthma and that he had experienced three prior asthma attacks, were obligated to modify the school's standard punishment to accommodate Clinton's condition. Rather than requiring Clinton to do the same exercises that were expected of children without asthma, Defendants could have asked Clinton to do something that would not have brought on an asthma attack. Had Defendants done so, Clinton would have been able to participate in the remainder of his school day and would have been able to reap the benefits of his public education. Construing the allegations in the light

most favorable to Plaintiff, the Court finds that Plaintiff has stated an ADA claim against Defendants and DENIES Defendants' motion to dismiss the ADA claim.

### C. Causes of Action against Webb, Prescott, and Nicastro in Their Official Capacities

Defendants next contend that Plaintiff can not bring actions against Webb, Prescott, and Nicastro in their official capacities. The Sixth Circuit, in Doe v. Claiborne County, Tenn., 103 F.3d 495 (6th Cir. 1996) stated that "a suit against an official of the state is treated as a suit against the municipality." In Doe, the court dismissed the suit against the defendants in their official capacities because the Plaintiff had also brought the suit against the board of education. Id. at 509.

When a plaintiff names a governmental official only in his official capacity, the suit is one against the governmental entity. Hafer v. Melo, 502 U.S. 21, 26–28 (1991). Accordingly, any claims against Defendants in their official capacities are construed against the Shelby County School Board. Accordingly, the Court GRANTS Defendants' motion to dismiss the cause of action against Webb, Prescott, and Nicastro in their official capacities.

### D. Punitive Damages

Defendants assert that Plaintiff can not recover punitive damages for violations of § 1983. In City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), the United States Supreme Court held that a plaintiff could not recover punitive damages against a municipality in a § 1983 action. Id. at 271. The Court held that:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct. Regarding retribution, it remains true that an award of punitive damages against a municipality "punishes" only the taxpayers, who took no part in the commission of the tort. These damages are assessed over and above the amount necessary to compensate the injured party. Thus, there is no question here of equitably distributing the losses resulting from

9

> official misconduct. Indeed, punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

Id. at 266–67 (internal citations omitted). The same rationale that makes a municipality immune from paying punitive damages applies to a school board. In both situations the taxpayers would be burdened if a court were to award punitive damages to a plaintiff. As a result, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for punitive damages.

*E. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress*

Defendants assert that they are immune from liability for Plaintiff's claims of intentional and negligent infliction of emotional distress because the complaint fails to reference the Tennessee Governmental Tort Liability Act ("GTLA"). Defendants cite Tenn. Code Ann. § 29-20-303, which states that "[f]ailure to comply fully with the notice requirements of this chapter shall be a valid and complete defense to any liability of a governmental entity which might otherwise exist by virtue of this chapter." Defendants are correct in their assertion. Because Plaintiff has failed to abide by the notice requirement of the GTLA, Defendants have a valid defense to any liability that may have otherwise existed.

In addition, Defendants contend that even if Plaintiff had satisfied the notice requirement of the GTLA, Defendants would nevertheless be immune from liability due to Tenn. Code Ann. § 29-20-205(2), which states that:

> [i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil

10

rights;

Because intentional and negligent infliction of emotional distress are the same torts as mental anguish, the Court finds that, pursuant to Tenn. Code Ann. § 29-20-205(2), Defendants are immune from suit for intentional and negligent infliction of emotional distress. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's intentional and negligent infliction of emotional distress claims.

*F. Injunctive Relief*

Plaintiff seeks to enjoin Defendants from continuing to apply the school's policy for punishing students for accidental unpreparedness for gym class. Plaintiff claims that because Clinton is still enrolled in the same school and is at risk of being exposed to such treatment, the Court should grant its request for an injunction prohibiting the use of such punishment against Clinton and against any child with a known exercise-related disability. The Sixth Circuit has stated that "[a] district court normally must hold an evidentiary hearing prior to issuing a permanent injunction." Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1174 (6th Cir. 1995). Defendants argue that because Plaintiff has failed to comply with Rule 65 of the Federal Rules of Civil Procedure, the complaint fails to state a claim as to which relief may be granted as to injunctive relief claim.

Rule 65 of the Federal Rules of Civil Procedure sets forth the procedure for seeking a preliminary injunction and a temporary restraining order. Rule 65 does not lay out the requirements for obtaining injunctive relief. Various courts have, however, expressed the requirements for injunctive relief, including irreparable harm and inadequacy of a legal remedy. Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982). Because it is necessary to hold an evidentiary hearing to make such determinations, the Court DENIES Defendants' motion to dismiss

11

Plaintiff's injunctive relief claim.

## IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's § 1983 claims based on the Fourth and Eighth Amendment, and **DENIES** Defendants' motion to dismiss Plaintiff's § 1983 claim based on the Fourteenth Amendment. Furthermore, the Court **DENIES** Defendants' motion to dismiss Plaintiff's ADA claim and Plaintiff's claim for injunctive relief, and **GRANTS** Defendants' motion to dismiss Bobby G. Webb, Patricia L. Prescott, and Laura Nicastro in their official capacities, Defendants' motion to dismiss the Plaintiff's claim for punitive damages, and Defendants' motion to dismiss Plaintiff's claims for intentional and negligent infliction of emotional distress.

**IT IS SO ORDERED** this 13th day of October, 2005.

*/s/ Bernice Bouie Donald*
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02741 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

---

Marcy Ingram
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Bruce M. Smith
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Dee Shawn Peoples
LAW OFFICE OF R. LINLEY RICHTER, JR.
100 N. Main St.
Ste. 2909
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable Bernice Donald
US DISTRICT COURT