# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DISTRICT

FILED BY ___ D.C.

05 NOV 29 PH 12: 19

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TIFFANY HEATHER MOSS,
**Individually and As Next of Friend**
**of CLINTON MOSS,**

      **Plaintiffs,**

v.                                                             No. 04-2741-DV

**SHELBY COUNTY, SHELBY COUNTY**
**SCHOOL BOARD, BOBBY G. WEBB in**
**His Official Capacity as Superintendent of Shelby**
**County Schools, PATRICIA L. PRESCOTT,**
**in Her Official Capacity as Principal of Arlington**
**Middle School, LAURA NICASTRO in Her**
**Personal and Official Capacity as a Teacher at**
**Arlington Middle School,**

      **Defendants.**

---

## ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

---

This matter is before the Court on the motion of Defendants, Shelby County School Board,

Bobby G. Webb, Patricia L. Prescott, and Laura Nicastro ("Defendants"), to dismiss the complaint

of Plaintiff, Tiffany Heather Moss ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. The Plaintiff brought this action pursuant to 42 U.S.C. § 1983 to redress violations

of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Amended

Complaint ¶¶ 1, 38, 41–42. The Plaintiff also seeks relief under the Americans with Disabilities Act

(42 U.S.C. § 12132) ("ADA"). Amended Complaint ¶ 39. Finally, Plaintiff alleges that Defendants

have violated numerous state and local statutes, including, but not limited to intentional infliction

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-29-05



of emotional distress and negligent infliction of emotional distress. Amended Complaint ¶ 44. This Court has jurisdiction pursuant to 28 U.S.C. §1331. For the reasons stated herein, this Court GRANTS in part and DENIES in part the Defendants' Motion to Dismiss.

## I. Factual Background

In March, 2004, Clinton Moss ("Clinton") was a sixth grade student at Arlington Middle School. Id. at ¶ 13. Clinton suffered from asthma, having suffered three asthma attacks during that school year prior to March 3, 2004. Id. at ¶¶ 16–17. The Plaintiff had notified the Defendants as to Clinton's medical condition. Id. at 15. On March 3, 2004, Clinton arrived at gym class without the proper gym attire. Id. at ¶¶ 21–22. In accordance to the middle school's policy regarding unpreparedness for gym class, the gym teacher, Ms. Nicastro, ordered Clinton to spend the duration of the gym class doing jumping jacks, sit-ups, and walking. Id. at ¶¶ 25–26. As a result of the exercise, Clinton suffered an asthma attack. Id. at ¶ 28. The Plaintiff alleges that Ms. Nicastro initially refused to allow Clinton to go to the office. Id. at ¶ 30. Upon seeing Clinton's worsening condition, however, Ms. Nicastro allowed Clinton to go to the office, where someone immediately called the paramedics and Clinton's mother, the Plaintiff. Id. at ¶ 33–34.

The Plaintiff brought an action against the Defendants in the United States District Court for the Western District of Tennessee on September 17, 2004. In response, the Defendants filed a Motion to Dismiss on February 25, 2005, alleging that the Plaintiff's complaint fails to state a claim upon which relief may be granted. On April 1, 2005 the Plaintiff filed its Amended Complaint. Once again in response to the Plaintiff's filing, the Defendants filed a Motion to Dismiss on April 21, 2005.

2

## II. Legal Standard

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326–27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see also Nietzke, 490 U.S. at 326–27;  Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47;  Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436–37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean,

719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039–40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405–06.

## III. Analysis

The Defendants first argue that the Plaintiff has failed to state a claim as to which relief may be granted pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Second, the Defendants assert that the Plaintiff has failed to state a claim pursuant to the ADA, 42 U.S.C. § 12132. Third, the Defendants argue that the Plaintiff does not have a cause of action against Bobby G. Webb, Patricia L. Prescott, and Laura Nicastro in their official capacities. Fourth, the Defendants contend that the Shelby County Board of Education is not liable for punitive damages. Fifth, the Defendants aver that the Plaintiff fails to state a claim for both intentional infliction of emotional distress and negligent infliction of emotional distress. Finally, the Defendants argue that the Plaintiff has failed to state a claim for injunctive relief. The Court will address these claims separately.

### A. 42 U.S.C. § 1983

The Defendants correctly point out that there is no heightened pleading requirement in actions brought pursuant to 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1983). As a result, plaintiffs must comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8, which calls for "a short and

4

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The United States Supreme Court, in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), stated that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id.</u> at 48.

### 1.    Fourth Amendment

The Plaintiff's complaint first seeks redress of violations of the Fourth Amendment to the United States Constitution. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. Because the Plaintiff's complaint fails to state grounds upon which the violation of the Fourth Amendment rests, the Plaintiff has failed to abide by the pleading requirements set forth in Federal Rule of Civil Procedure 8. As a result, the Court finds that is proper to GRANT the Defendants' motion to dismiss the Plaintiff's § 1983 claim based on the Fourth Amendment.

### 2.    Eighth Amendment

The Plaintiff also seeks redress of violations pursuant to the Eighth Amendment to the United States Constitution. The Eight Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." U.S. Const. amend. VIII. In its memorandum, the Defendants correctly state that the Eighth Amendment's prohibition against cruel and unusual punishment "does not apply until the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions." The United States Supreme Court has held that the Eighth Amendment is inapplicable when a school imposes disciplinary corporal

5

punishment on its students. Ingraham v. Wright, 430 U.S. 651, 664 (1977). The Supreme Court reasoned that, according to the Amendment's history and the Court's precedent, the Amendment was "designed to protect those convicted of crimes." Id. at 664. Because only those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment, the Court finds that it is proper to GRANT the Defendants' motion to dismiss the Plaintiff's § 1983 claim based on the Eighth Amendment.

   3.   Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution states that:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Sixth Circuit, in Webb v. McCullough, 828 F.2d 1151 (6th Cir. 1987), stated that "[i]t is well established that persons have a fourteenth amendment liberty interest in freedom from bodily harm." Id. at 1158. The Webb case went on to state that "the substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking the conscience." Id.

   The Defendants cite to Lillard v. Shelby County Board of Education, 76 F.3d 716 (6th Cir. 1996), to support their contention that their conduct did not rise to the requisite standard of shocking the conscience. In Lillard, the Defendant was accused of slapping one student in the face and

6

rubbing the stomach of another student. Id. at 719–20. The Lillard court reasoned that because the blow was "neither severe in force nor administered repeatedly[,]" it did not rise to the level necessary to constitute a violation of due process. Id.

The Defendants, in their motion, attempt to analogize the case at bar to the Lillard case. This analogy is misplaced, however, because the harm that the Clinton suffered was different than the harm suffered by the plaintiffs in the Lillard case. The Lillard plaintiffs did not suffer any enduring harm, while Clinton, as a result of the Defendant's actions, suffered an asthma attack. The Lillard court notes in fact that "slap did not result in any physical injury to Lillard." Id. at 726. In the case at bar, however, Clinton suffered an asthma attack that required him to be taken to a physician. According to the facts at hand it appears that the Plaintiff has satisfied its burden, therefore, the Court DENIES the Defendants' motion to dismiss the § 1983 claim based on the Fourteenth Amendment.

B. *Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132*

The ADA, 42 U.S.C. § 12132 states that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." The Defendants contend that the Plaintiff has failed to state a claim under the ADA because the Plaintiff has not asserted that Clinton was excluded from participation by reason of his disability, denied benefits by reason of his disability, or discriminated against by reason of his disability. In making their argument, the Defendants have failed to consider the purpose behind the ADA.

Congress enacted the ADA with the intention of incorporating disabled individuals into society and the workforce. One of the ADA's purposes, specified in 42 U.S.C. § 12101(a)(9), is to "assure equality of opportunity [and] full participation" of disabled individuals. 42 U.S.C. § 12101(a)(9). In order to achieve this goal, in certain situations, it is necessary to modify standard procedures to ensure that disabled individuals are receiving the same benefits and opportunities as non-disabled individuals. With this purpose in mind, 28 C.F.R. § 35.130(b)(7) was enacted to state that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the services, program, or activity." 28 C.F.R. § 35.130(b)(7).

According to 42 U.S.C. § 12131, the Shelby County School Board is a public entity because this statute defines a public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government. 42 U.S.C. § 12131. As a result, the Defendants have the obligation of modifying standard procedures when doing so is necessary to prevent discrimination against disabled individuals.

The Defendants are correct in stating that Clinton was not excluded from participation by the Defendants. The Defendants are incorrect, however, in asserting that Clinton was not denied the benefits of the services, programs, or activities of the Defendants. The Defendant, Shelby County School Board, provides student with the benefit of education. By subjecting Clinton to the form of punishment that led to his asthma attack, the Defendants deprived Clinton of the opportunity to participate in the remainder of his school day, thereby depriving Clinton of the benefit of public education. As a public entity, Defendants were responsible for making reasonable modifications in

8

their policies when such modifications were necessary to avoid discrimination. Defendants, knowing that Clinton suffered from asthma and that he had experienced three prior asthma attacks, were obligated to modify the school's standard punishment to accommodate Clinton's condition. Rather than requiring Clinton to do the same exercises that were expected of children without asthma, the Defendants could have asked Clinton to do something that would not have brought on an asthma attack. Had Defendants done so, Clinton would have been able to participate in the remainder of his school day and would have been able to reap the benefits of his public education. Construing the allegations in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has stated an ADA claim against Defendants and DENIES Defendants' motion to dismiss the ADA claim.

### C.  Cause of Action against Bobby G. Webb, Patricia L. Prescott, and  Laura Nicastro in Their Official Capacities

The Sixth Circuit, in Doe v. Claiborne County, Tenn., 103 F.3d 495 (6th Cir. 1996) stated that "a suit against an official of the state is treated as a suit against the municipality." In Doe, the court dismissed the suit against the Defendants in their official capacities because the Plaintiff had also brought the suit against the school board of education. Id. at 509.

When a plaintiff names a governmental official only in his official capacity, the suit is one against the governmental entity. Hafer v. Melo, 502 U.S. 21, 26–28 (1991). Accordingly, any claims against Defendants in their official capacities are construed against the Shelby County School Board. For these reasons, the Court GRANTS Defendants' motion to dismiss the cause of action against Bobby G. Webb, Patricia L. Prescott, and Laura Nicastro in their official capacities.

### D.  Punitive Damages

In City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), the United States Supreme

9

Court held that a plaintiff could not recover punitive damages against a municipality in a § 1983 action. Id. at 271. The Court held that:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct. Regarding retribution, it remains true that an award of punitive damages against a municipality "punishes" only the taxpayers, who took no part in the commission of the tort. These damages are assessed over and above the amount necessary to compensate the injured party. Thus, there is no question here of equitably distributing the losses resulting from official misconduct. Indeed, punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

Id. at 266–67 (internal citations omitted). The same rationale that makes a municipality immune from paying punitive damages applies to a school board. In both situations the taxpayers would be burdened if the court were to award punitive damages in the plaintiff's favor. As a result, this Court GRANTS the Defendants' motion to dismiss the Plaintiff's claim for punitive damages.

### E. Intentional Infliction of Emotional Distress

The Defendants assert that they are immune from liability for Plaintiff's claim of intentional infliction of emotional distress because the Plaintiff's complaint fails to reference the Tennessee Governmental Tort Liability Act ("G.T.L.A."). The Defendants direct the Court to Tenn. Code Ann. § 29-20-303, which states that "[f]ailure to comply fully with the notice requirements of this chapter shall be a valid and complete defense to any liability of a governmental entity which might otherwise exist by virtue of this chapter." The Defendants are correct in their assertion. Because the Plaintiff has failed to abide by the notice requirement of the G.T.L.A., the Defendants have a valid defense

10

to any liability that may have otherwise existed.

In addition, Defendants contend that even if the Plaintiff had satisfied the notice requirement of the G.T.L.A., Defendants would nevertheless be immune from liability due to Tenn. Code Ann. § 29-20-205(2), which states that:

> [i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;

The Court finds, therefore, that, pursuant to Tenn. Code Ann. § 29-20-205(2), Defendants are immune from suit for intentional infliction of emotional distress.  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

### F.  Negligent Infliction of Emotional Distress

The Court GRANTS the Defendants' motion to dismiss Plaintiff's negligent infliction of emotional distress claim based on the reasons stated in the previous section.

### G.  Injunctive Relief

The Sixth Circuit has stated that "[a] district court normally must hold an evidentiary hearing prior to issuing a permanent injunction."  Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1174 (6th Cir. 1995).  The Plaintiff seeks an injunction enjoining the Defendants from continuing to apply the school's policy for punishing students for the accidental unpreparedness for gym class. Plaintiff claims that because Clinton is still enrolled in the same school and is at risk of being exposed to such treatment, this Court should grant its request for an injunction prohibiting the use

of such punishment against Clinton and against any child with a known exercise-related disability. The Defendants, in response, argue that because the Plaintiff has failed to comply with Rule 65 of the Federal Rules of Civil Procedure, the complaint fails to state a claim as to which relief may be granted as to injunctive relief claim.

Rule 65 of the Federal Rules of Civil Procedure sets forth the procedure for seeking a preliminary injunction and a temporary restraining order. Rule 65 does not lay out the requirements for obtaining injunctive relief. Various courts have, however, expressed the requirements for injunctive relief, including irreparable harm and inadequacy of a legal remedy. Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982). Because it is necessary to hold an evidentiary hearing to make such determinations, this Court DENIES the Defendants' motion to dismiss the Plaintiff's injunctive relief claim.

## IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's § 1983 claim based on the Fourth Amendment, **GRANTS** the Defendants' motion to dismiss the Plaintiff's § 1983 claim based on the Eighth Amendment, **DENIES** the Defendants' motion to dismiss the Plaintiff's § 1983 claim based on the Fourteenth Amendment, **DENIES** the Defendants' motion to dismiss the Plaintiff's ADA claim, **GRANTS** the Defendants' motion to dismiss Bobby G. Webb, Patricia L. Prescott, and Laura Nicastro in their official capacities, **GRANTS** the Defendants' motion to dismiss the Plaintiff's claim for punitive damages, **GRANTS** the Defendants' motion to dismiss the Plaintiff's claims for intentional and negligent infliction of emotional distress,

and **DENIES** the Defendants' motion to dismiss the Plaintiff's claim for injunctive relief.

   **IT IS SO ORDERED** this _28 th_ day of November, 2005.


BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CV-02741 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Bruce M. Smith
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

R. Linley Richter
LAW OFFICE OF R. LINLEY RICHTER, JR.
100 N. Main St.
Ste. 2909
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Marcy Ingram
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Dee Shawn Peoples
LAW OFFICE OF R. LINLEY RICHTER, JR.
100 N. Main St.
Ste. 2909
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT